done in this case. The mere failure to attach the codicil to the will does not affect any of its provisions, whatever importance the failure to attach might have under some circumstances as an evidentiary fact. *Pope* v. *Pope, 95 Ga.* 87 (22 S. E. 245); 6 Am. & Eng. Enc. Law (2d ed.), 195.

2. The only other question made in the record is, as to whether a married woman can make a valid will disposing of her separate property without the consent of her husband, "in the absence of a marriage contract or other written authority to make a will." This question is necessarily answered in the affirmative, under the decision in the case of *Urquhart* v. *Oliver, 56 Ga.* 344. That decision embodies the unanimous opinion of this court upon the question involved. Further discussion of that question than that found in the decision referred to is unnecessary, and would be unprofitable at this date. *Judgment affirmed. All the Justices concur.*

---

HUTCHINSON *v.* WILEY, administrator.

HOLDEN, J. The court committed no error in dismissing the petition in this case, upon the general demurrer thereto.

*Judgment affirmed. All the Justices concur.*

Submitted January 13,—Decided April 16, 1908.

Equitable petition. Before Judge Felton. Bibb superior court. April 16, 1907.

R. W. Hutchinson brought suit to cancel the deeds hereinafter described, and to enjoin Mrs. Wiley, as administratrix of the estate of Mrs. M. L. Reid, from the sale of land which she was advertising for sale as property of Mrs. Reid's estate, and from disposing of the rents from the land in her hands. A general demurrer to the petition was sustained, and the plaintiff excepted. The petition made the following allegations: The land was not property of Mrs. M. L. Reid's estate, but was property of the estate of her husband, W. S. Reid, deceased. Mrs. Wiley, as administratrix, claimed that the estate of Mrs. M. L. Reid owned the land by virtue of a sheriff's deed made to W. F. Jenkins on April 7, 1879, and under a deed from W. F. Jenkins to M. L. Reid. The sheriff's deed was in the usual form and recited that the land had been bid in by W. F. Jenkins for $10. The deed from Jenkins to Mrs. Reid was

dated April 7, 1879, and recited a consideration of $33.80, and was without warranty of title. At the time of the sale only $33.80 was due upon the judgment under which the land was sold. The judgment was rendered at the March term, 1876, and was for the total sum of $182.10. The property sold consisted of 443 acres of land and was worth at the time of the sale $4,430. It could have been divided into lots at the time of the sale, and a part, instead of the whole of it, could have been sold by the sheriff. The levy was grossly excessive and the sale was fraudulent and void, and neither W. F. Jenkins nor M. L. Reid got any title by virtue of the sale or of the deeds, which show on their face that they are void. W. S. Reid remained in possession of the land until his death, in October, 1905, and never recognized the land as the property of M. L. Reid. He accounted to no one for the land, and sold 70 acres of it in 1899, and the purchaser went into possession. W. S. Reid, at the time of his death, was indebted to the plaintiff, and his estate is now indebted to the plaintiff in the sum of $339.06, and the land in question is the only property belonging to his estate, except $612.50, rents and profits from the land for the year 1906, which the defendant has in her possession. No administrator has been appointed on the estate of W. S. Reid, but the plaintiff, as a creditor of the estate, has made application to be appointed permanent administrator thereon. If the defendant is not enjoined from selling the land and disposing of the rents in her hands, the petitioner and all the other creditors of the estate of W. S. Reid will lose their claims against the estate. There is no allegation in the petition that W. S. Reid owed the petitioner at the time of the sheriff's sale, nor any prayer therein to subject the land to the debt.

*W. T. Davidson,* for plaintiff. *John P. Ross,* for defendant.

---

DAY, AVERY & COMPANY *v.* COX, executor.

LUMPKIN, J. 1. A testatrix by her will devised to her husband a life-estate in certain lands, and provided that he should control and have possession thereof until his death, for his support and maintenance, free from any debts, judgments, or incumbrances against him, in order that he might protect, care for, and support himself and his daughter. The husband was appointed executor. An execution against the hus-